# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 14-4802 DSF (ASx) | Date | 7/10/14 |
| Title | Mario Cassina v. Barcel USA, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to State Court

This case was removed on the basis of diversity jurisdiction, but the removing Defendants have failed to establish the jurisdiction of this Court. Specifically, they state that Defendant David Salazar "resides and intends to continue residing in Metepec, in the State and Country of Mexico." Thus Salazar is a citizen of a foreign State." (Not. of Removal ¶ 17) (citation omitted). Residing in a foreign state does not make a person a citizen of a foreign state. The Court is given no information regarding Salazar's actual national citizenship – <u>i.e.</u>, is he a United States citizen? If Salazar is a United States citizen living abroad with no intention to return, he cannot sue or be sued under diversity jurisdiction. <u>Brady v. Brown</u>, 51 F.3d 810, 815 (9th Cir. 1995).

As the removing Defendants have failed to allege the citizenship of one of the Defendants and have, therefore, not established the jurisdiction of this Court, the case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.